UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>FANNI REZNIKOV,<br><br>    Debtor,<br><br>―――――――――――――――――<br><br>JAMES B. NUTTER & CO.,<br><br>    Plaintiff,<br><br>v.<br><br>MARK G. DEGIACOMO, *Chapter 7 Trustee, Estate of Fanni Reznikov*,<br><br>    Defendant. | Civil Action No. 16-cv-10703-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Appellant James B. Nutter & Company ("Nutter") appeals a final judgment of the Bankruptcy Court denying its motion for summary judgment and entering summary judgment in favor of Appellee Mark G. DeGiacomo, the trustee for the bankruptcy estate of Fanni Reznikov. For the reasons set forth below, the Court affirms the judgment of the bankruptcy court.

## **I.    BACKGROUND**

Fanni Reznikov resided at 143 Gould Street, Needham, Massachusetts, in a condominium unit that she owned. In July 2008, Reznikov obtained a reverse mortgage on the property. She executed an adjustable rate note on July 16, 2008 in favor of First Call as the lender. The note was secured by a first position home equity conversion mortgage on the 143 Gould Street property. The mortgage was filed with the Norfolk County Land Court on July 22, 2008. The notary acknowledgement on page nine of the mortgage states:

> On this 16 day of July, 2008 before me personally appeared
>
> Fanni Reznikov
>
> to me known and known to me to be the individual(s) described in and who executed the foregoing instrument, and duly acknowledged to me that he/she/they executed the same. [. . .]

First Call subsequently assigned the mortgage to Nutter, and the assignment was recorded at the Norfolk County Land Court on January 13, 2015.

Reznikov filed a Chapter 7 bankruptcy petition on February 17, 2014. Schedule A to Reznikov's bankruptcy petition lists the 143 Gould Street property with a fair market value of $420,000. On Schedule C to the bankruptcy petition, Reznikov asserted a homestead exemption of her interest in the property in the amount of $500,000, pursuant to her declaration of homestead, which was filed pre-petition but after execution of the mortgage. On Schedule D to the bankruptcy petition, Reznikov listed Nutter as the holder of a claim in the amount of $301,838.15 secured by the mortgage.

On January 5, 2015, the trustee filed a complaint to avoid the mortgage under 11 U.S.C. § 544(a)(3), asserting that the notary's certificate of acknowledgment was defective. The trustee sought to preserve the value of the mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551. In September 2015, the trustee moved for summary judgment, and Nutter filed a cross-motion for summary judgment. The bankruptcy court entered summary judgment in favor of the trustee and denied Nutter's cross-motion on March 29, 2016.

## II. DISCUSSION

This Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158. "An order granting summary judgment is a final order for purposes of appeal." In re Dunn, 324 B.R. 175, 178 (D. Mass. 2005) (quoting Wicheff v. Baumgart (In re Wicheff), 215 B.R. 839, 840 (6th Cir. BAP 1998)). The Court "reviews *de novo*

the bankruptcy court's rulings of law." In re Spookyworld, Inc., 318 B.R. 1, 2 (D. Mass.), aff'd, 346 F.3d 1 (1st Cir. 2003).

The sole question presented to the bankruptcy court, and to this Court on appeal, is whether the trustee may avoid, pursuant to the strong arm powers granted to him by 11 U.S.C. § 544, a mortgage containing a certificate of acknowledgment that does not contain explicit language affirming that Reznikov's execution of the mortgage was voluntary. Neither the Court nor the parties are aware of a case that addresses this precise question. Nutter contends that the bankruptcy court erred in deciding that the trustee may avoid the mortgage. The material facts of the case are not in dispute, except that the trustee objects to Nutter's assertion that the mortgage was executed voluntarily.[1]

"[T]he Bankruptcy Code authorizes a bankruptcy trustee to avoid a transfer of property by the debtor, such as a mortgage, where such a transfer is voidable under state law by a bona fide purchaser." In re DeMore, 844 F.3d 292, 295 (1st Cir. 2016). "The extent of the [t]rustee's avoidance powers are determined by state law." In re Kelley, 498 B.R. 392, 397 (B.A.P. 1st Cir. 2013) (quoting In re Roldan, No. 10-10792 ESL, 2012 WL 2221410, at *7 (Bankr. D.P.R. June 13, 2012) (citations omitted)). In Massachusetts, a mortgage must be recorded in order to be enforceable against parties other than the grantor, his or her heirs and devisees, and individuals with actual notice of the mortgage. Mass. Gen. Laws ch. 183, § 4. Thus, if a mortgage is not properly recorded, it is subject to avoidance by a bona fide purchaser.

---

[1] Nutter filed declarations from Reznikov and the notary in support of its motion for summary judgment in the bankruptcy court. Reznikov's declaration asserts that she executed the mortgage voluntarily, and the notary's declaration states that it is his usual practice to ask an individual who is signing a document whether the individual is signing voluntarily. The bankruptcy court ruled that these declarations were irrelevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid. 402 because the dispute only concerns whether the language of the acknowledgment would have provided adequate notice, as required by Massachusetts law, to a hypothetical bona fide purchaser.

3

Under Massachusetts law, in order to be recorded, a mortgage must have a certificate of acknowledgment endorsed on or annexed to it. Mass. Gen. Laws ch. 183, § 29. "An acknowledgment is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was [her] free act and deed." McOuatt v. McOuatt, 69 N.E.2d 806, 810 (Mass. 1946). "No particular words are necessary as long as they amount to an admission that [she] has voluntarily and freely executed the instrument." Id. "The certificate of acknowledgment furnishes formal proof of the authenticity of the execution of the instrument when presented for recording." Id. at 809. "Massachusetts follows a policy of strict formalities in the execution of acknowledgments." Agin v. Green Tree Servicing, LLC (In re Shubert), 535 B.R. 488, 497 (Bankr. D. Mass. 2015). "It is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers." Agin v. Mortg. Elec. Registration Sys., Inc. (In re Bower), No. 10-10993-WCH, 2010 WL 4023396, at *5 (Bankr. D. Mass. Oct. 13, 2010).

In this case, although the acknowledgment lacks an explicit statement that Reznikov informed the notary that she signed the mortgage voluntarily, Nutter contends that voluntariness can be inferred. Nutter primarily relies on Revised Executive Order No. 455 (04-04),[2] which was issued in 2004 by then-Governor Mitt Romney.[3] The executive order provides the following definition of acknowledgment:

---

[2] The text of the Executive Order is available on the State of Massachusetts website at http://www.mass.gov/courts/docs/lawlib/eo400-499/eo455rev.pdf.
[3] Executive Order No. 455 was rescinded by Executive Order No. 571 as of January 4, 2017, because the legislature enacted a law in 2016 that "incorporates and expands upon the guidance set forth in Executive Order No. 455." Executive Order No. 571, *available at* http://www.mass.gov/governor/legislationexecorder/execorders/executive-order-no-571.html (last visited Feb. 7, 2017). The 2016 law sets forth a definition of "acknowledgment" and a

> "Acknowledgment" shall mean a notarial act in which an individual, at a single time and place:
> (a) appears in person before the notary public and presents a document;
> (b) is identified by the notary public through satisfactory evidence of identity; and
> (c) indicates to the notary public that the signature on the document was *voluntarily affixed* by the individual for the purposes stated within the document
> . . .

Id. (emphasis added). Nutter argues that, where the acknowledgment states that Reznikov "duly acknowledged" that she executed the mortgage, this constitutes a certification that the notorial act of "acknowledgment" was performed in accordance with legal requirements, including the definition of acknowledgment set forth in the executive order.

The Court agrees with the bankruptcy court's analysis and its conclusion that this language was insufficient to prove that Reznikov affirmed that she signed the mortgage voluntarily. As the bankruptcy court explained, Black's Law Dictionary defines the word "acknowledge" to mean "[t]o confirm as genuine before an authorized officer." *Acknowledge*, Black's Law Dictionary (10th ed. 2014). This differs significantly from the dictionary's definition of "acknowledgment," which is similar to the definition provided in the executive order.[4] Nutter asks the Court to view the two words as interchangeable, but the definitions indicate that they are not the same. The noun "acknowledgment" describes one concept, while the verb "acknowledge" indicates something else. Even the executive order that Nutter relies upon suggests that Nutter's reading is incorrect. The order includes a form acknowledgment that

---

sample acknowledgment form that do not differ materially from those in Executive Order No. 455. Act of Oct. 6, 2016, 2016 Mass. Legis. Serv. Ch. 289 (S.B. 2064) (West).

[4] *Acknowledgement*, Black's Law Dictionary (10th ed. 2014) ("A formal declaration made in the presence of an authorized officer, such as a notary public, by someone who signs a document and confirms that the signature is authentic. • In most states, the officer certifies that (1) he or she personally knows the document signer or has established the signer's identity through satisfactory evidence, (2) the signer appeared before the officer on the date and in the place (usu. the county) indicated, and (3) the signer acknowledged signing the document freely, being aware of its nature.").

notaries are directed to use (in "substantially" the same form), which contains a statement that the person signing "acknowledged to [the notary] that (he) (she) signed it voluntarily for its stated purpose." If the statement that the signer "acknowledged" her signature were sufficient in and of itself, however, there would be no need for the additional language indicating that the signature was voluntary.

Furthermore, if Nutter's argument were carried to its logical conclusion, an acknowledgment could simply consist of a statement that "all legal requirements were satisfied." Such a statement would enable a subsequent purchaser to infer that every requirement pertaining to the acknowledgment was met, but it would essentially read the elements of an acknowledgment out of the statute. Given that Massachusetts law weighs in the opposite direction, mandating strict formalities in the execution of acknowledgments, the Court cannot endorse Nutter's logic. For example, many cases have held that the omission of the grantor's name is enough to render an acknowledgment invalid. See HSBC Bank USA, N.A. v. Lassman, 550 B.R. 157, 161 (D. Mass.), aff'd sub nom. In re DeMore, 844 F.3d 292 (1st Cir. 2016) (a "majority of lower courts that have considered the issue" have determined that an acknowledgment lacking the grantor's name is invalid); Mortg. Elec. Registration Sys., Inc. v. Agin, No. 09-CV-10988-PBS, 2009 WL 3834002, at *2 (D. Mass. Nov. 17, 2009); In re Bower, 2010 WL 4023396, at *5; but see Bank of Am. v. Casey (In re Pereira), 791 F.3d 180, 183 (1st Cir. 2015) (describing the issue as "an open question"). If Nutter's understanding of the requirements pertaining to acknowledgments were correct, the omission of a grantor's name also should not constitute a fatal flaw, since the name can certainly be inferred.[5]

---

[5] For the same reason, the presumption of validity emphasized by Nutter, see Hale v. Hale, 125 N.E.2d 142, 144 (Mass. 1955), is not enough to overcome the facial inadequacy of the acknowledgment. Likewise, the use of the phrase "duly acknowledged" is also insufficient to

Nutter claims that the trustee "continues to rely on" In re Kelley, but in fact, neither the trustee's argument nor the bankruptcy court decision depend on Kelley to support their reasoning. See Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392 (B.A.P. 1st Cir. 2013). Kelley and In re DeMore (which was decided after briefing in this appeal was completed) offer some insight here, although neither case is directly applicable. See HSBC Bank USA, N.A. v. Lassman (In re DeMore), 844 F.3d 292, 296 (1st Cir. 2016). Both Kelley and DeMore concern acknowledgments wherein an individual acting under power of attorney signed the acknowledgment on behalf of the grantor(s).

In Kelley, the acknowledgment stated that the agent "proved to me [the notary] through satisfactory evidence of identification which was/were [left blank] to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose." In re Kelley, 498 B.R. at 394. The court concluded that this language created an ambiguity as to whether the execution of the mortgage was the voluntary act of the grantors or the agent, and thus, the acknowledgment was invalid. Id. at 400–01.

In contrast, the DeMore court determined that an acknowledgment using similar language was valid. The acknowledgment in that case stated that the grantors acting through their agent "proved to me [the notary] through satisfactory evidence of identification, which were drivers licenses[,] to be the person whose name is signed on the proceeding attached document, and acknowledged to me that he/she signed it voluntarily and for its stated purpose." In re DeMore, 844 F.3d at 294. The DeMore Court reasoned that even if the acknowledgment was read to state that only the agent appeared before the notary, that would be sufficient, because the power of

---

remedy the defect. See *Duly*, Black's Law Dictionary (10th ed. 2014) ("[i]n a proper manner; in accordance with legal requirements.").

7

attorney recorded along with the mortgage authorized the agent to take any action necessary to obtain the mortgage. Id. at 297. Thus, the court concluded that the acknowledgment states that the agent "is acknowledging to the notary that he executed the mortgage not only as his own free act and deed but as the 'free act and deed' of" the grantors. Id. (quoting McOuatt, 69 N.E.2d at 809). In a footnote, the court distinguished DeMore from Kelley by noting that the acknowledgment in DeMore explicitly referenced the power of attorney, unlike the acknowledgment in Kelley. Id. at 300 n.6. The court also hinted that Kelley may no longer be good law. Id.

While DeMore indicates there is a limit to how exacting courts will be in evaluating acknowledgments for technical compliance, the acknowledgment at issue here falls far short of the one in DeMore. Unlike DeMore, the acknowledgment in this case is not just ambiguous; it also lacks a required element. The only way to save it would be to read a voluntariness aspect into the definition of "acknowledge," as Nutter suggests. This would go much farther than DeMore, where all required elements were plainly stated on the face of the acknowledgment, and the power of attorney simply verified that the agent had the power to attest to the voluntariness of the grantors' signatures. Furthermore, the DeMore Court did not go so far as to explicitly overturn Kelley, which suggests that this remains a grey area with a fine line between compliance and invalidity. Finally, while DeMore indicates that courts will permit some minimal ambiguity in acknowledgments, the Court does not believe it can be read to indicate that completely omitting language relating to voluntariness is permissible.

Nutter also repeatedly emphasizes that the law does not require any specific language to be used. See DeMore, 844 F.3d at 294 ("[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument."

(quoting McOuatt, 69 N.E.2d at 810)). While this is true, every sample acknowledgment provided in both the statutory appendix and the executive order contains explicit language stating that the signature is voluntary. Mass. Gen. Laws § 183 App., Form (13) (grantor "acknowledged that he (or they) executed the same as his (or their) *free act and deed*" (emphasis added)); id. at Form (14) (agent "acknowledged that he executed the same as the *free act and deed*" of grantor (emphasis added)); id. at Form (15) (agent of corporation "acknowledged said instrument to be the *free act and deed* of said corporation" (emphasis added)); Revised Executive Order No. 455 (04-04) at Section 5(d) (individual "acknowledged to me that (he) (she) signed [document] *voluntarily* for its stated purpose" (emphasis added)). The fact that an acknowledgment does not have to repeat particular words or phrases verbatim does not mean that any language whatsoever, or no language at all, will do. The Court takes the law to mean that a notary may employ the phrase "free act and deed" in place of "voluntarily," or "freely," and so on; and not to mean that language specifically reflecting voluntariness is unnecessary altogether.

Lastly, Nutter argues that reading the acknowledgment in the manner that the trustee and the bankruptcy court have done would render some language superfluous, in violation of the rule of construction that no language should be read as surplusage if another logical reading is possible. See New Seabury Co. Ltd. P'ship v. New Seabury Properties, LLC (In re New Seabury Co. Ltd. P'ship), 450 F.3d 24, 36 (1st Cir. 2006) ("every word and phrase of an instrument is if possible to be given meaning, and none is to be rejected as surplusage if any other course is rationally possible" (quoting F.D.I.C. v. Singh, 977 F.2d 18, 22 (1st Cir. 1992))). Here, the acknowledgment recited that Reznikov "executed the foregoing instrument" and "duly acknowledged to me [the notary] that [she] executed the same." Nutter argues that these two phrases would have an identical meaning (that Reznikov executed the instrument), and thus the

9

second phrase would be needless surplus, unless the second phrase is read to mean that Reznikov also acknowledged that the act was done voluntarily. To satisfy the strict compliance required by Massachusetts courts, however, such a reading would have to be obvious, and the language unambiguous, to a subsequent bona fide purchaser. Here, however, a bona fide purchaser could reasonably view this language as ambiguous, or could conclude that language concerning voluntariness was omitted (either intentionally or by accident), especially because the language of the acknowledgment so closely tracks Model Form 13, except for the omission of the voluntariness statement. Mass. Gen. Laws § 183 App., Form (13) (grantor "executed the foregoing instrument, and acknowledged that [she] executed the same as [her] free act and deed."). Thus, the purchaser would have good reason to question whether the acknowledgment was valid. For this reason, the presumption against surplusage cannot save the otherwise facially invalid acknowledgment. See Lamie v. U.S. Tr., 540 U.S. 526, 536 (2004) ("Where there are two ways to read the text—either [a word] is surplusage, in which case the text is plain; or [the word] is nonsurplusage . . . in which case the text is ambiguous—applying the rule against surplusage is, absent other indications, inappropriate.").

### III. CONCLUSION

Accordingly, the judgment of the bankruptcy court granting the trustee's motion for summary judgment and denying Nutter's cross-motion for summary judgment is AFFIRMED.

**SO ORDERED.**

February 7, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE